October 28, 1864.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1865.

#### WILLIAM PUSTAU, *et als. vs.* J. W. RIXMAN.

REMITTANCES and re-shipments of goods made by the assignee of a debtor to the creditor, at the instance of the latter, can not be regarded as items of set-off or payments, so as to prevent the statute bar of limitations from running against the plaintiffs' demand.

The Hawaiian statute, limiting the time for the commencement of actions, contains no provision exempting merchants' accounts from the operation of the usual bar; neither does public policy at the present day require any such exemption.

Evidence of fraud in making the assignment could not be held, upon authority, to prevent the operation of the statute of limitations.

Justice ROBERTSON delivered the decision of the Court, as follows :

The plaintiffs, comprising the firm of Wm. Pustau & Co., of Hongkong, have brought an action of assumpsit against J. W. Rixman, now residing at Koloa, Island of Kauai, claiming to recover the sum of $21,651 07, principal and interest, alleged to be due them from the said defendant, on account of merchandise sold to him by the plaintiffs.

The defendant pleads the statute of limitations in bar of the action.

It appears that previous to the year 1857, the plaintiffs furnished merchandise to a large amount to the defendant on credit. The account current presented to the Court, opens with a balance to the debit of the defendant of $15,679 96 on the 1st of January, 1857.

On the 1st of December, 1857, the defendant executed a special deed of assignment of all his property to Henry Gillingham, in trust, for the payment of the defendant's debt to the plaintiffs. This assignment was formally accepted by the plaintiffs, who executed the deed upon its being forwarded to them, at Hongkong, for that purpose, acknowledged the receipt of money sent them on account by Henry Gillingham, as assignee, and sent him directions to re-ship the silk goods remaining unsold to Hongkong. The plaintiffs also forwarded to the assignee their account current with the defendant, balanced at the 31st December, 1857, with the request that the assignee would have the account examined by the defendant.

It is contended, therefore, on behalf of the defendant, that the items on the credit side of the account now presented, subsequent in date to the deed of assignment, are not payments on account made by the defendant, but remittances made to the plaintiffs by the assignee, as their trustee or agent, and that no transaction has taken place between the plaintiffs and the defendant for more than six years previous to the commencement of this action.

Upon reflection, we are of the opinion that this is a sound position, and that the several items of credit created by the remittances and re-shipments of the assignee, made under the directions of the plaintiffs, cannot be regarded as items of set-off, or payments made by the defendant, so as to prevent the statute bar from running against the plaintiff's demand.

But it is argued on the part of the plaintiffs, that this is an account between merchant and merchant, which has never become a stated account up to this time, but has always remained open, current and mutual, and that, therefore, the Statute of Limitations is not applicable to it.

The Hawaiian Statute which limits the time for the com-

mencement of actions like the present, differing in that respect from the statutes of some other countries which have been referred to, contains no provision exempting merchants' accounts from the operation of the usual bar ; but it is argued that such accounts should be held by the Court to be exempt, on grounds of public policy.

There is no common law of this Kingdom upon the subject, and we are of the opinion that even if the Court possessed the power to adopt a rule declaring merchants' accounts exempt from the operation of the statute, public policy does not require that we should do so. Such, we think, must have been the view of the Legislature, for while that body enacted a statute of limitations, identical in most respects with the statutes of England and of the American States, to which reference was doubtless had at the time, any provision making an exception in favor of accounts between merchant and merchant, seems to have been intentionally omitted, probably on the ground that, at the present time, when the opportunities of intercourse between this Kingdom and all commercial countries have become so rapid and frequent, there no longer exists any necessity for extending the time of commencing an action based upon dealings between merchants, beyond the ordinary period of six years. The tendency of modern legislation, we believe, in all commercial states, is rather to shorten than to extend the limit as to time, within which actions of any kind may be maintained, with a view to further the speedy settlement of controversies, to give additional facility to transactions affecting the possession and transfer of property, and to promote that repose which is the chief object of all such legislation.

It is argued on behalf of the plaintiffs, that the assignment of his property by the defendant to Gillingham was collusive, and resorted to for the purpose of defrauding the plaintiffs. But there is no allegation of such fraud in the pleadings, and consequently no evidence of it before the Court. And even if there were evidence before us of collusion between Gillingham and the defendant, we are of the opinion that its existence could not be held, upon authority, to prevent the operation of the statute bar against the plaintiffs' demand. (See Broom's Com. on Common Law, p. 210, and cases there referred to.)

In the absence of any common law of the Kingdom, or any provision of the statute to exempt merchants' accounts from the usual bar, and assuming (what is not quite clear) that the account now presented is a mutual, open and current account, without regarding the items subsequent in date to the time of the assignment, we are of the opinion that the plaintiff's action is barred by the lapse of time ; and that we cannot hold otherwise without usurping the power which the Legislature alone possesses.

Let judgment of non-suit against the plaintiffs be entered as of the last day of the April Term.

C. C. Harris, Esq., for the plaintiffs.

R. H. Stanley, Esq., for the defendant.